<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CENECK BARTHELUS, | |
| Petitioner, | Civil Action No. 16-4237 (JMV) |
| v. | **OPINION** |
| CHARLES L. GREEN, | |
| Respondent. | |

APPEARANCES:

Ceneck Barthelus
Essex County Correctional Facility
354 Doremus Avenue
Newark, NJ 07105
    on behalf of Petitioner

Mark Christopher Orlowski
Office of the U.S. Attorney
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07101
    on behalf of Respondent

**VAZQUEZ**, United States District Judge

    On July 12, 2016, Petitioner, acting *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), challenging his prolonged pre-final removal order detention by U.S. Immigration and Customs Enforcement ("ICE"). On October 21, 2016, Respondent filed a letter response to the petition, opposing relief on the basis that Petitioner is now detained under 8 U.S.C. § 1231(a) because the Third Circuit Court of Appeals vacated Petitioner's temporary stay and denied his motion for stay of removal on October 14, 2016. (ECF No. 5 at 3.)

1

I. BACKGROUND

In his petition for habeas corpus relief pursuant 28 U.S.C. § 2241, Petitioner alleges he has been in the custody of the U.S. Immigration and Customs Enforcement ("ICE"), and held in Essex County Correctional Facility since June 23, 2015. (ECF No. 1 at 2.) Petitioner is a citizen of Haiti. (*Id.*) He entered the United States in 1995. (*Id.*) On May 11, 2007, Petitioner was convicted of possession with intent to distribute cocaine, in violation of N.J.S.A. 2C:35-5(a)(1). (*Id.* at 5.)

On June 23, 2015, Petitioner was taken into custody by ICE pursuant to 8 U.S.C. § 1226(c). (*Id.*) Petitioner conceded, at the pleading stage, that he was removable because he was convicted of a controlled substance violation, and that it was an aggravated felony. (*Id.* at 21.) The Board of Immigration Appeals, on September 1, 2016, dismissed Petitioner's appeal of the Immigration Judge's decision that he is removable and not entitled to asylum, withholding of removal or for protection under the Convention Against Torture, including deferral of removal. (ECF No. 5 at 20-22.) On October 14, 2016, the Third Circuit vacated Petitioner's temporary stay of removal, and Petitioner's detention is now post-final removal order and governed by 8 U.S.C. § 1231(a). (ECF No. 5 at 3.)

II. DISCUSSION

A. Standard of Review

8 U.S.C. § 1226(c)(1) mandates that the Government "take into custody" aliens who are convicted of certain crimes, including crimes related to controlled substances. Detention without the possibility of bond "for a reasonable period of time" pursuant to § 1226(c) is constitutional. *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 223 (3d Cir. 2011). Section 1226(c) detention, without a bond hearing, may raise constitutional concerns if detention becomes unreasonably prolonged. *Id.*

When a petitioner's removal order becomes final, his petition for relief from prolonged pre-final removal order detention under 8 U.S.C. § 1226(c) is moot. *Rodney v. Mukasey*, 340 F. App'x 761, 764 (3d Cir. 2009). "When an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . ." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2). 8 U.S.C. § 1231(a)(6) authorizes post-removal order detention of an alien convicted of an aggravated felony for a reasonable period to bring about removal, generally for six months. *Rodney*, 340 F. App'x at 764. After the six-month period, an alien may be conditionally released if he can "demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.'" *Id.* (quoting *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)).

    B.    <u>Analysis</u>

Petitioner's claim for relief under 8 U.S.C. § 1226(c) is moot because he is no longer detained pursuant to that statute. Petitioner's present detention is governed by 8 U.S.C. § 1231(a). The 90-day removal period began on October 14, 2016, and there is an additional six-month period of reasonable removal detention. Therefore, Petitioner's habeas petition, even it if is construed as a request for relief under § 1231(a), is premature. <u>See</u> <u>Rodney</u>, 340 F. App'x at 765 (finding petitioner's challenge to detention under *Zadvydas* was premature where petitioner had sought relief from detention under § 1226(c) and the statutory basis for his detention changed).

### III.    <u>CONCLUSION</u>

Petitioner's request for habeas relief from detention under 8 U.S.C. § 1226(c) is moot; and habeas relief from detention under 8 U.S.C. § 1231(a) is premature. Therefore, the Court will dismiss the habeas petition as moot.

An appropriate Order follows.

Date: <u>November 14, 2016</u>                                    <u>s/ John Michael Vazquez</u>
At Newark, New Jersey                                               JOHN MICHAEL VAZQUEZ
                                                                    United States District Judge